UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUISA MUIA

        Plaintiff,

   -against-           1:10-CV-01315 (LEK/RFT)

BROOKVIEW REHAB FUNDING /
BROOKVIEW FINANCIAL, INC.,

        Defendant.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Presently before the Court are a Motion to dismiss filed by Brookview Rehab Funding/Brookview Financial, Inc. ("Defendant") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction; and in response, a Motion for leave to file an amended complaint filed by Luisa Muia ("Plaintiff").  Dkt. Nos. 5-1, 7.  Plaintiff brings this claim under the Truth in Lending Act (15 U.S.C. §§ 1601 et. seq.) ("TILA") and the Real Estate Settlement and Procedures Act (12 U.S.C. § 2602 et. seq.) ("RESPA").  Complaint (Dkt. No. 1) ¶ 2 ("Complaint").  For the reasons that follow, Plaintiff's Motion for leave to file an amended complaint is hereby granted, and the Motion to dismiss is denied without prejudice.  Dkt. Nos. 5-1, 7.

### II. BACKGROUND

On May 31, 2007 Plaintiff executed a promissory note in the amount of $168,755.50 secured by a mortgage on property located at 605 Union Street, Schenectady, N.Y. 12305.

Secured Construction Promissory Note, Ex. A (Dkt. No. 1-1) ("Note") p. 1, 4; Construction Mortgage and Security Agreement, (Dkt. No. 5-2, Ex. A) ("Mortgage").  The loan was obtained by Plaintiff to cover construction costs in order to perform a renovation of the property.  Building Loan Agreement, Ex. B (Dkt. No. 1-2) ¶ III.  The property consists of a three story building with a bar/tavern/restaurant on the first floor, two apartments on the second floor, and one apartment on the third floor.  Uniform Residential Appraisal Report, (Dkt. No. 5-2, Ex. B) ("Appraisal") p. 4.  The Note provides that the loan was made for "business or commercial purposes and not for personal, family or household use."  Note at 3.  Similarly, the mortgage provides that "no portion of the loan shall be used for personal, family, or household purposes."  Mortgage ¶ 6.

### III.  STANDARD OF REVIEW

Motions to amend a complaint are governed by Rule 15 of the Federal Rules of Civil Procedure.  Rule 15(a)(2) states that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993).  Nevertheless, leave to amend a complaint is not automatic, and a court may deny a motion to amend for good cause "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  Foman, 371 U.S. at 182; S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous., 608 F.2d 28, 42 (2d Cir. 1979). "[A] pro se litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'"  Dluhos v. Floating and Abandoned Vessel Known as New York, 162 F.3d 63, 69 (2d Cir. 1998) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)).  Courts should be more lenient when considering a pro se party's motion to amend than that of a represented party.

In re Sims, 534 F.3d 117, 133 (2d Cir. 2008).  A pro se party's rights should not "'be impaired by harsh application of technical rules.'" Id. quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

**IV.  DISCUSSION**

TILA provides in pertinent part that "[c]redit transactions involving extensions of credit primarily for business [or] commercial purposes" are excluded from the scope of the act.  15 U.S.C. § 1603(1).  Similarly, RESPA excludes from its application "credit transactions involving extensions of credit primarily for business [or] commercial purposes."  12 U.S.C. § 2606(a)(1).  "When there is a dispute between the parties as to the type of transaction, 'the plaintiff has the burden of showing that the transaction was a consumer credit transaction, not a business transaction.'" Maceda v. Household Finance Realty Corp. of N.Y., 2009 WL 113474 at *5 (N.D.N.Y. 2009) (quoting Searleys v. Clarion Mortgage Co. 1987 WL 61932 at *3 (E.D.Pa. 1987).  The Court examines the transaction as a whole to determine whether it was primarily consumer or commercial in nature.  Id.  The focus in determining whether a transaction is consumer or commercial is not on the nature of the property, but instead on the use of the loan proceeds.  Hinchliffe v. Option One Mortg. Corp., 2009 WL 1708007 (E.D. Pa. 2009).  Loans obtained to gain a profit and those for investment in non-owner occupies rental properties are loans for business purposes.  Mauro v. Countrywide Home Loans, Inc., 727 F. Supp. 2d 145, 154–55 (E.D.N.Y. 2010).

Notwithstanding the language to the contrary in the Note and Mortgage, the Court grants Plaintiff leave to amend the Complaint to allege facts showing that the loan was for personal consumer use as opposed to business purposes.  The Court cautions, however, that such amendment will be futile if Plaintiff fails to allege facts to support a showing that the loan was in

fact for personal use.  The property here serving as the security interest is not Plaintiff's residence and has three apartments and a tavern/bar upon it.  Presumably, the property will be rented and used to gain property.  Without facts showing that the loan was to be used primarily for purposes other than these business purposes, the present case cannot be brought under TILA and RESPA because such transactions are specifically exempted from the scope of the statute.

Because the Court is granting the Motion for leave to amend the Complaint, it will deny the Motion to dismiss without prejudice to renew.

## IV.  CONCLUSION

For the foregoing reasons, it is:

**ORDERED**, that Plaintiff's Motion to amend (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED**, that Defendants's Motion to dismiss (Dkt. No. 5) is **DENIED** without prejudice to renew; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     May 05, 2011
           Albany, New York

Lawrence E. Kahn
U.S. District Judge