UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUISA MUIA,

                                Plaintiff,

-against-

BROOKVIEW REHAB FUNDING/BROOKVIEW
FINANCIAL INC.,

                                Defendants.

Case No. 10-CV-1315
(LEK/RFT)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COOPER ERVING & SAVAGE LLP
Attorneys for Defendants
39 North Pearl Street
Albany, New York 12207-2797
(518) 449-3900

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS......................................................................................................... 2

ARGUMENT............................................................................................................................... 3

   I.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE TILA, RESPA AND FDCPA DO NOT APPLY.................................................................. 3

   II.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED UNDER THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL ........................... 5

      A.  Res Judicata.................................................................................................................. 6

      B.  Collateral Estoppel....................................................................................................... 9

CONCLUSION ......................................................................................................................... 10

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion of defendants Brookview Rehab Funding, LLC and Brookview Financial Inc. ("Defendants") to dismiss the Amended Complaint (Docket No. 14) pursuant to FRCP 12(b)(6) and 12(b)1) for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. This case involves a commercial mortgage loan entered into between J.L. Muia and Assoc., Inc. (not a party to this action), Plaintiff Luisa Muia ("Plaintiff") and Defendant Brookview Rehab Funding, LLC for the rehabilitation of certain commercial property located at 605 Union Street, Schenectady, New York. In the accompanying affidavit of Michael Smolkis, sworn to on August 24, 2011 ("Smolkis Aff."), a copy of the note is attached as "Exhibit C" and a copy of the mortgage is attached as "Exhibit D.[1]"

The affidavit of Mr. Smolkis further demonstrates that the correct-named defendant should be Brookview Rehab Funding, LLC, which is the party to the loan at issue. Brookview Financial, Inc. did not participate in this particular transaction and should not be a party herein. (Smolkis Aff. ¶ 2).

As set forth below, Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice because this court lacks subject matter jurisdiction and Plaintiff has already litigated these same exact claims in state court. The Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA") have no application to a commercial loan transaction and, therefore, this court does not have jurisdiction. In addition, the doctrines of res judicata and collateral estoppel prevent Plaintiff from contesting these matters that she has had a full and fair opportunity to previously litigate. To do otherwise would essentially allow Plaintiff two-bites of the apple.

---

[1] The mortgage may be considered on a motion to dismiss even though it is not annexed to the complaint. *Done v. HSBC Bank USA*, 2010 U.S.Dist LEXIS 99798 * 4 (E.D.N.Y. 2010); *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 2010

1

## STATEMENT OF FACTS

On May 31, 2007, J.L. Muia and Assoc., Inc. and Plaintiff executed a note and J.L. Muia and Assoc., Inc. executed a mortgage in the amount of $168,755.50 concerning the rehabilitation of a commercial property located at 605 Union Street, Schenectady, New York. (*See* Smolkis Afft., Exhibit C, *Note;* Exhibit D, *Mortgage*). 605 Union Street is a commercial property that has a restaurant and bar on the first floor and apartments above the business. (*See* Smolkis Aff., Exh. E, *Appraisal*).

The note associated with this commercial loan states as follows: "Maker acknowledges that the loan evidenced by the Loan Documents was made to Maker for business or commercial purposes and not for personal, family or household use." (Smolkis Aff., Exh. C, *Note*, at p. 3). The mortgage contains identical language setting forth the loan is for business or commercial purposes and not for personal use. (Smolkis Aff., Exh. D, *Mortgage*, p. 6, ¶ 6).

The money involved in the transaction was being advanced to a corporation, J.L. Muia and Assoc., Inc., though Plaintiff's individual signature was required on the note. Plaintiff's residence is set forth on the loan documents as 4 Marco Polo Drive, Latham, New York, whereas the mortgage was on the premises known as 605 Union Street, Schenectady, New York. In addition, Plaintiff sets forth her address as 4 Marco Polo Drive, Latham, New York. (Amended Complaint, Docket No. 14, at ¶ 1).

Plaintiff's pro se Amended Complaint alleges federal question jurisdiction on the basis of TILA, 15 U.S.C. §§ 1601 *et seq.*, RESPA, 12 U.S.C. §§ 2602 *et seq.* and FDCPA, 15 U.S.C. §§ 1692 *et seq.* (Amended Complaint, Docket No. 14). Plaintiff further alleges causes of action for

---

U.S.Dist LEXIS 32318 *17 (S.D.N.Y. 2010).

2

noncompliance with TILA, RESPA and FDCPA. (Amended Complaint ¶¶ 17-30, 52-57). Plaintiff's Amended Complaint is a counterattack against a state court foreclosure action which dismissed Plaintiff's claims of fraud and misrepresentations against Defendants. (*See* Smolkis Aff., Exhibit I, *Decision/Order*).

## ARGUMENT

### I. PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE TILA, RESPA AND FDCPA DO NOT APPLY

TILA, 15 U.S.C. § 1603(a)(1), lists as an "Exempted Transaction," "Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes . . ." Likewise, RESPA, 12 U.S.C. § 2606(a), lists as an "Exempted Transaction," "credit transactions involving extensions of credit – (1) primarily for business, commercial, or agricultural purposes . ."

The Federal Courts in this Circuit have recognized that neither TILA, RESPA nor FDCPA[2] applies to business or commercial transactions. *Eze v. J.P. Morgan Chase Bank*, 2010 U.S.Dist. LEXIS 82088 *16 (E.D.N.Y. 2010) (credit card issued for business use); *U.S. Bank Nat'l Assoc.*, 2010 U.S. Dist LEXIS 75481 * 8 (E.D.N.Y. 2010) (commercial mortgage); *Mauro v. Countrywide Home Loans, Inc.*, 727 F. Supp.2d 145, 154 (E.D.N.Y. 2010) ("it is well-settled that a loan obtained in order to invest in non-owner occupied rental properties is a loan for business purposes"); *Douce v.*

---

2 Plaintiff's causes of action under TILA, RESPA and FDCPA should also be dismissed because the statute of limitations period for each of these alleged causes of action have expired. (TILA has a one-year statute of limitations, *see* 15 U.S.C. §1640(e); RESPA has a one-year statute of limitations, *see* 12 U.S.C.§2614; and FDCPA has a one-year statute of limitations, *see* 15 U.S.C. §1692k(d)). Even giving Plaintiff the greatest benefit in calculating these tolling provisions, her alleged claims still run afoul and should be dismissed. For purposes of TILA and RESPA, the latest possible time period was May 31, 2007, when the loan was entered into by Plaintiff. In the case of alleged FDCPA violations, the latest possible time period was October 23, 2009, when the state foreclosure action was commenced.

3

*Banco Popular North America*, 2006 U.S.Dist. LEXIS 85168 *19 (S.D.N.Y. 2006) (car acquired for use in livery business); *Capital Quest LLC v. Morales*, 1997 U.S. Dist. LEXIS 12905* 3 (S.D.N.Y. 1997) ("the property that was used to secure the loan was not plaintiff's principal dwelling"); *Spira v. J.P. Morgan Chase*, 2010 U.S. Dist. LEXIS 107828 (S.D.N.Y. Sept. 29, 2010) (finding that the FDCPA does not apply to a business loan because the act specifically exempts transactions which are for personal, family or household purposes). "[T]he burden is on plaintiff to show that the loan in question was obtained for personal, as opposed to business purposes." *Mauro, supra*, at *20.

In the present case, the loan transaction has all the earmarks of a commercial or business transaction that is exempt from TILA, RESPA and FDCPA. This loan was made to a corporation; it did not involve the plaintiff's residence; the building contained a business and apartments above the business for rental; and, most importantly; the note and mortgage very clearly and explicitly identify the loan as being "for business or commercial purposes and not for personal, family or household use." (*See* Smolkis Afft., Exhibit C, *Note;* Exhibit D, *Mortgage*).

It is only now, in the wake of having her claims dismissed again, that Plaintiff claims that the commercial loan was in fact obtained "to purchase a piece of property for personal consumption with the full intent that it be the primary residence." (Amended Complaint, Docket No. 14, at ¶11). The facts, however, demonstrate that Plaintiff's argument is nothing but a made-up story in an attempt to survive dismissal of this federal court action. First of all, it is clear that this property is a commercial piece of land—it is zoned for commercial purposes; a bar/tavern/restaurant was located on the street level; and it is situated near shopping malls, supermarkets and drug stores. (*See* Smolkis Afft., Exhibit E, *Appraisal,* at p.1). In addition, Plaintiff presents a self-serving affidavit of her husband[3] to

---

3 James Muia is identified in the corporate resolution as the President of J.L. Muia and Assoc., Inc. (*See* Smolkis Afft., Exhibit J).

4

support her claim that the property was allegedly purchased for personal use. (*See*, Amended Complaint, Docket No. 14, at Exhibit C). Besides his credibility being highly questionable, Mr. Muia also affirms that him and Plaintiff were only "**considering the prospect** of down-sizing into a condo or apartment" (*Id.*, at ¶2) (emphasis added). Based upon Mr. Muia's bias and motivation in this lawsuit, this affidavit should not be considered by the court. There is no evidence that Plaintiff purchased the property for personal use or intended on using the property for anything other than commercial purposes. Plaintiff is only now back-pedaling in an attempt to save this federal court action.

Since the loan was most certainly for commercial or business purposes, Plaintiff may not assert a claim under TILA, RESPA or FDCPA. Therefore, there is no federal question in this case, and Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction.

## II.   PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED UNDER THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL

The doctrines of res judicata and collateral estoppel preclude a party from relitigating claims and issues that have been previously determined in a valid final judgment. The policy concern behind these related but distinct doctrines is to conserve judicial resources and protect parties from the expense and vexation of multiple lawsuits. *See Marvel Characters v. Simon*, 310 F.3d 280 (2d Cir. 2002).

### A.     Res Judicata

Res judicata (claim preclusion) operates as an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996). Courts apply federal law in determining the preclusive effect of a federal judgment and New York law in determining the preclusive effect of a New York State court judgment. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 147 (1984); *PRC Harris Inc. v. Boeing Co.*, 700 F.2d 894 (2d Cir. 1983). In New York, res judicata "bars successive litigation [of all claims] based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Sheffield v. Sheriff of the Rockland Co. Sheriff's Dep't*, 393 Fed. Appx. 808, *4-5 (2d Cir. 2010), *quoting People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105 (2008). New York courts apply a "pragmatic" test to determine whether claims are part of the same transaction for res judicata purposes and examine "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*, at *5, *quoting, Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94 (2005).

It is undisputed that the claims in the instant case and the state court case arose out of the same transaction and are, therefore, the same for purposes of the res judicata inquiry. The state court foreclosure action and this federal action both deal with the same commercial loan transaction and

involve the same evidence and facts connected in time, space origin and motivation. In the state court foreclosure cause of action brought by Defendant Brookview Rehab Funding, LLC against J.L. Muia and Assoc., Inc. and Plaintiff for non-payment, Plaintiff asserted defenses of fraud and misrepresentations in the execution of the underlying commercial loan. (*See* Smolkis Afft., Exhibit I, *Decision/Order*). In state court Plaintiff unsuccessfully asserted that, "I was duped into purchasing this bad piece of property and taking out this outrageous mortgage as part of a fraudulent scheme by individuals who are now in jail for doing similar things to other people." (Smolkis Afft., Exhibit G, at ¶¶3-9). Specifically, Plaintiff stated in her sworn affidavit in opposition to summary judgment in the state court action that Paul Pagen, the mortgage broker for the underlying transaction, allegedly acted fraudulently in processing her loan application and then threatened her with a lawsuit if she did not close on the property. (Smolkis Afft., Exhibit G, at ¶¶3-9). As part of this alleged "fraudulent scheme," Plaintiff also asserted in state court that Mr. Pagen and Susan LaVerne, settlement agent for this loan, are both incarcerated for mortgage fraud. (*Id.*, at ¶¶4, 6). In addition, it was Plaintiff's claim in defending the state court action that the appraisal report for the property she bought was inflated and also the product of fraud. (*Id.*, at ¶7).

It is quite astonishing that Plaintiff asserts this same alleged "fraudulent scheme" in this federal court action. In fact, Plaintiff brings no new theories to this action as in the state court action and these claims arose from the same state court action. Again, Plaintiff claims that at the time of the closing she was threatened with being sued if she did not sign the closing papers. (*See*, Amended Complaint, Docket No. 14, at ¶10). She also claims that Mr. Pagen and Ms. LaVerne are both incarcerated for mortgage fraud. (*Id.*, at ¶¶13, 14). Strikingly, Plaintiff again asserts that the appraisal report prepared for this property is inflated and the appraiser was part of the alleged

7

fraudulent scheme. (Id., at ¶¶22-24). Clearly, Plaintiff is attempting to relitigate this same transaction which she lost in state court here in federal court.

Furthermore, Plaintiff's assertions were decided by final judgment in state court. In granting Defendant Brookview Rehab Funding, LLC's motion for summary judgment in the state court action, Honorable Vincent J. Reilly, Jr. found that Plaintiff "submit[ted] no proof of any fraud or misrepresentation that would affect the validity of the mortgage." (Smolkis Afft., Exhibit I, *Decision/Order*, at p. 3). This dismissal of Plaintiff's claims by summary judgment is considered a final decision on the merits. *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710 (2d Cir. 1977) (summary judgment is dismissal on the merits for res judicata purposes). In addition, the state court action involved the same exact parties as here. Plaintiff is now unlawfully attempting to bring these identical claims for an alleged fraudulent scheme and misrepresentation to federal court.

In a case strikingly similar to the facts at issue here, the Second Circuit precluded a pro se plaintiff from bringing claims which were identical to those already litigation in a state court foreclosure action. In *Weston v. First Union Nat'l Bank*, 1999 U.S. App. LEXIS 30446 (2d Cir. 1999), the court affirmed summary judgment to the defendant bank under both res judicata and collateral estoppel because pro se plaintiff's claims of alleged emotional and physical damages from the loan transaction "stemm[ed] from the same events alleged as the basis for the state court negligence and lender liability counterclaims." *Id.* at *2.

Under the doctrine of res judicata, Plaintiff should be barred from asserting these causes of action in this second federal court action because they involve the same parties, the same transaction and the same evidence to support it as the first state court action.

### B.     Collateral Estoppel

Under the doctrine of collateral estoppel (issue preclusion), a plaintiff is prevented from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002); *see also Commissioner v. Sunnen*, 333 U.S. 591, 598 (1948) ("[o]nce a party has fought out a matter in litigation with the other party, he cannot later renew that duel."). Under New York law, the doctrine of collateral estoppel precludes a party from litigating an issue when: (i) the issue was actually and necessarily decided in a prior proceeding; and (ii) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding. *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002); *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999).

The requirements for the application of collateral estoppel have been satisfied here. As stated and set forth above, the state court foreclosure proceeding involved the same set of issues raised by Plaintiff, namely alleged fraud and misrepresentation. Plaintiff litigated the validity of the commercial loan transaction in state court and her claims were found to be meritless. Plaintiff had a full and fair opportunity to litigate these same issues and should not be afforded another opportunity to raise these same exact arguments involving the same exact commercial loan transaction. Therefore, under the application of collateral estoppel, Plaintiff's Amended Complaint must dismissed.

## CONCLUSION

For the aforesaid reasons, Plaintiff's Amended Complaint must be dismissed pursuant to FRCP 12(b)(6) and 12(b)(1). This federal court action and Plaintiff's unfounded assertions are nothing more than an attempt by Plaintiff to back out of a valid business loan agreement with Defendant Brookview Rehab Funding, LLC.

Dated:   Albany, New York
         August 25, 2011

                                        COOPER ERVING & SAVAGE LLP
                                        Attorneys for Defendants
                                        39 North Pearl Street
                                        Albany, New York 12207-2797
                                        (518) 449-3900

                                  By:   /s/ Michael A. Kornstein
                                        Michael A. Kornstein, Esq.
                                        Bar Role No. 103178

171127

10