UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUISA MUIA,

                Plaintiff,

  -against-                                              1:10-CV-1315 (LEK/RFT)

BROOKVIEW REHAB FUNDING, LLC,[1]

                Defendant.
_____

## DECISION and ORDER

**I.    INTRODUCTION**

Presently before the Court is a Motion to dismiss Plaintiff Luisa Muia ("Plaintiff")'s Amended Complaint, filed by Defendant on August 25, 2011. Dkt. Nos. 14 ("Amended Complaint"); 15 ("Motion"). Defendant seeks to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. at 1. Plaintiff filed a Response in Opposition to the Motion on November 30, 2011.[2] Dkt No. 16.

---

[1] The docket currently lists as a Defendant "Brookview Rehab Funding, LLC, d/b/a Brookview Financial, Inc." Defendant seeks to have the docket reflected to omit the name of Brookview Financial, Inc. ("Brookview Financial"), because Defendant Brookview Rehab Funding, LLC ("Defendant") "is the party to the loan at issue" and because "Brookview Financial, Inc. and Brookview Rehab Funding, LLC, although related by common ownership, are separate and distinct legal entities." Defendant's Memorandum of law in support of motion to dismiss (Dkt. No. 15-1) ("Def.'s Mem.") at 1; Michael Smolkis Aff. (Dkt. No. 15-3) ¶ 2. As Plaintiff does not object to deleting "Brookview Financial" from the docket or otherwise raise any allegations to counter Defendant's claim that Brookview Financial and Defendant are separate and distinct entities, the Court grants Defendant's request.

[2] Plaintiff's Response was filed more than two months after the response deadline of September 20, 2011, and is therefore untimely under Local Rule 7.1(b)(1). Because Plaintiff has not made any showing of good cause for her failure to file a timely response, the Court does not consider her submission. N.D.N.Y. L.R. 7.1(b)(3) ("The Court shall not consider any papers required under this Rule that are not timely filed . . . unless good cause is shown."); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* parties are not

## II.    BACKGROUND

The Court presumes familiarity with the factual background in this case as outlined in the Court's Memorandum-Decision and Order dated May 5, 2011.  Dkt. No. 11 ("May 2011 Order").  In that Order, the Court denied Defendant's previous Motion to dismiss (Dkt. No. 5) and granted Plaintiff's Motion for leave to submit an amended complaint (Dkt. No. 7).  May 2011 Order at 4.  The Court further noted in the May 2011 Order that the factual allegations in Plaintiff's initial Complaint indicated that the mortgage executed on the property in question was for "business purposes," and, if so, would mean that Plaintiff's claims under the Truth in Lending Act ("TILA") the Real Estate Settlement and Procedures Act ("RESPA") could not proceed.  Id. at 3-4.  The Court therefore directed that any amended complaint filed by Plaintiff must "allege facts showing that the loan was for personal consumer use as opposed to business purposes" in order to state claims for relief under TILA and RESPA.  Id. at 3-4.

Plaintiff filed the Amended Complaint on August 4, 2011, along with an affidavit from her husband, James Muia, stating that: (1) because his and Plaintiff's children had grown up and moved away, he and Plaintiff had been "considering the prospect of downsizing into a condo or apartment"; (2) he and Plaintiff had "looked at [the property in question] with the intent that one of the units be converted into an 'Owner's Suite' while the remaining units be rented out to assist us in our housing expenses"; and (3) he and Plaintiff "[a]t all times . . . intended to acquire and occupy this property as our primary residence."  Am. Compl.; James Muia Aff. (Dkt. No. 14-3) ¶¶ 2-4.  The present Motion followed.

## III.    STANDARD OF REVIEW

---

exempt from "compliance with relevant rules of procedural and substantive law").

In considering a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Aurrechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). Furthermore, subject matter jurisdiction may not be established by drawing inferences from the pleadings favorable to the plaintiff. Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); see also London v. Polishook, 189 F.3d 196, 199 (2d Cir. 1999) (the party invoking subject matter jurisdiction must "proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction."). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Second, in ruling on a motion to dismiss pursuant to Rule 12(b), court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x. 102, 104 (2d Cir. 2009).

Finally, the Second Circuit requires courts to be more cautious when dismissing *pro se*

complaints. Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991). The Court must liberally construe *pro se* submissions, McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), and interpret them "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, a party's *pro se* status does not exempt him from "compliance with relevant rules of procedural and substantive law." Triestman, 470 F.3d at 477.

IV.   **DISCUSSION**

Defendant argues that Plaintiff's Complaint warrants dismissal on the grounds of *res judicata*, collateral estoppel, and lack of subject matter jurisdiction.[3] Def.'s Mem. at 1, 3-9; see also Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992) ("Generally, *res judicata* is an affirmative defense to be pleaded in the defendant's answer . . . However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer."). In support of its arguments, Defendant points to a decision issued on June 16, 2011, in the New York Supreme Court, Schenectady County, granting summary judgment in its favor against Plaintiff in the mortgage foreclosure action. Def.'s Ex. I (Dkt. No. 15-3) at 116-18.

The doctrine of *res judicata* requires the Court to accord to state court judgments the same force and conclusive effect that they would have in the states in which they were rendered. 28 U.S.C. § 1738; Winters v. Lavine, 574 F.2d 46, 54 (1978). Under New York rules of preclusion, a party may not relitigate issues that were "clearly raised and decided against that party in a prior

---

[3] Defendant's argument that the Court lacks subject matter jurisdiction is rooted in their argument that Plaintiff's Amended Complaint fails to state claims for relief under the federal statutes that she cites; thus, no federal question is present and, in the absence of diversity jurisdiction, the case should be dismissed. Def.'s Mem. at 3-5. Because the Court finds that the Amended Complaint must be dismissed on *res judicata* grounds, it does not address this argument.

proceeding where the party had a full and fair opportunity to contest the issue." Kowalcyzk v. Gilroy, 994 F. Supp. 410, 412 (E.D.N.Y. 1998) (citing Weiss v. Manfredi, 639 N.E.2d 1122 (N.Y. 1994)).  The Court therefore must decide whether: (1) whether the parties in the current action were also parties in the state court proceedings; (2) the state court issued a final judgment on the merits; and (3) the decision involved the same causes of action as the Amended Complaint.

Here, all three of these elements are satisfied.  It is undisputed that Plaintiff and Defendant were parties in the state court foreclosure action.  Def.'s Ex. I at 116.  Second, it is well-settled "that a summary judgment dismissal is considered a decision on the merits for *res judicata* purposes" in this Court and under New York state law.  Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 715 (2d Cir. 1977).  Finally, the claims in Plaintiff's Amended Complaint plainly "aris[e] out of the same transaction or series of transactions" as those litigated in the state court proceeding. Sosa v. J.P. Morgan Chase Bank, 822 N.Y.S.2d 122, 124 (N.Y. App. Div. 2006) (citation and quotation omitted).

"Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong *res judicata* applies."  Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008) (citing Green v. Kadilac Mortg. Bankers, Ltd., 936 F. Supp. 108, 114 (S.D.N.Y. 1996) (determining *res judicata* barred plaintiffs from recasting assertions already rejected in state foreclosure action as a civil rights conspiracy claim in federal court)) (other citations omitted).  Plaintiff had the opportunity in the state court proceeding to argue – and did argue unsuccessfully – that her mortgage was invalid because it was obtained through fraud and misrepresentation.  See Def.'s Ex I at 117-18.  Plaintiff is now "clearly seeking alternative relief in federal court based on the same series of transactions involved in the foreclosure

proceeding," but if she was "unhappy with the result of that proceeding, the proper recourse was a state court appeal." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008). *Res judicata* therefore bars Plaintiff's claims against Defendant in this case. See Chestnut v. Wells Fargo Bank, No. 10-cv-4244, 2011 WL 838914, at *3 (E.D.N.Y. Mar. 2, 2011); Swiatkowski v. Citibank, 10-cv-0114, 2010 WL 3951212, at *15 (E.D.N.Y. Oct. 7, 2010); Yeiser, 535 F. Supp. at 422-23; Green, 936 F. Supp. at 114; Beckford v. Citibank N.A., No. 00 Civ. 205, 2000 WL 1585684, at *4 (S.D.N.Y. Oct. 24, 2000) (finding that RESPA claim was available to plaintiff during state foreclosure proceeding "and litigation of the issue now would frustrate the rights and interests established in those proceedings").

For the foregoing reasons, Defendant's Motion is granted and the Court does not address the merits of Plaintiff's TILA, RESPA, and FDCPA claims.[4]

---

[4] Defendant argues that even if Plaintiff's federal law claims are meritorious, they are time-barred under TILA, RESPA, and the FDCPA's one-year statutes of limitations. Def.'s Mem. at 3 n.2 (citing 15 U.S.C. § 1640(3); 12 U.S.C. § 2614; 15 U.S.C. § 1692k(d)). However, this argument is deemed waived. The statute of limitations is an affirmative defense under FED. R. CIV. P. 8(c)(1), and Defendants did not raise it in their initial Motion to dismiss Plaintiff's original Complaint. Second Circuit case law has made clear that the statute of limitations is considered a defense that is generally waived if not raised "at the earliest possible moment." Santos v. Dist. Council of N.Y. City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 619 F.2d 963, 967 n.5 (2d Cir. 1980) (citing Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir. 1968)); see also Colon v. Goord, 115 F. App'x 469, 470 (2d Cir. 2004) (summary order) ("Statute of limitations is an affirmative defense that is preserved by assertion in a party's first responsive pleading."); Kropelnicki v. Siegel, 290 F.3d 118, 130 n.7 (2d Cir. 2002) (quoting Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995)). Further, Plaintiff's initial Complaint contained the same allegations in her subsequent Amended Complaint that would have put Defendant on notice that the statute of limitations was an available affirmative defense, and Defendant simply failed to raise it in its initial Motion to dismiss. Cf. Rose v. AmSouth Bank of Fl., 391 F.3d 63, 65 (2d Cir. 2004) (acknowledging exception to waiver when an affirmative defense was initially unavailable but was "raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party"); Plon Realty Corp. v. Travelers Ins. Co., 533 F. Supp. 2d 391, 394 (S.D.N.Y. 2008) (finding statute of limitations defense not waived where plaintiff's amended pleading alleged a different date on which the cause of action accrued). The Court therefore does not consider whether Plaintiff's federal law claims are time-barred.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 14) is **DISMISSED**; and it is further

**ORDERED**, that the docket be amended to reflect that Defendant Brookview Rehab Funding, LLC, and not Brookview Financial, Inc., is the sole Defendant in this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    March 23, 2012
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge